

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-7-2002

# USA v. Omowunmi

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-2926

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Omowunmi" (2002). *2002 Decisions.* Paper 485.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/485

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT


No. 01-2926



UNITED STATES OF AMERICA

v.

TAYO FUNSHO OMOWUNMI
                              Appellant


On Appeal from the United States District Court
for the District of Delaware
(D.C. Crim. No. 99-cr-00045)
District Judge:  Hon. Joseph J. Farnan, Jr.



Submitted Under Third Circuit LAR 34.1(a)
July 26, 2002

Before:  SLOVITER, NYGAARD, and BARRY, Circuit Judges

(Filed: August 7, 2002)


OPINION OF THE COURT

SLOVITER, Circuit Judge.

Appellant Tayo Funsho Omowunmi, who was charged with bank fraud in a four count indictment, pled guilty to Count I, bank fraud in violation of 18 U.S.C.  1344.  He was sentenced to serve 27 months of imprisonment, followed by 5 years of supervised release.  He was also ordered to pay restitution in the amount of $896,720.81, as well as a $100 special assessment.

Counsel was appointed to represent Omowunmi and filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967).  Under Anders, if, after review of the district court record and a conscientious investigation, counsel is convinced that the appeal presents no issue of arguable merit, counsel may properly ask to withdraw while filing a brief referring to anything in the record that might arguably support the appeal.  See id. at 741-42, 744.  To satisfy the Anders requirements, appellant's counsel must "satisfy the court that he or she has thoroughly scoured the record in search of appealable issues" and then "explain why the issues are frivolous."  United States v. Marvin, 211 F.3d 778, 780 (3d Cir. 2000).

In the appeal before us, Omowunmi appeals from the District Court's order refusing to modify the five year period of supervised release to which Omowunmi was sentenced.  Omowunmi was convicted of a Class B felony.  As the presentence investigation report sets out, the amount of supervised release for a Class B felony under U.S.S.G.  5D1.2(a)(1) must be at least 3 years but not more than 5 years.  The applicable statute, 18 U.S.C.  3583(b), also sets forth an authorized term of not more than five years supervised release for a Class B felony.  The District Court denied Omowunmi's motion for modification of the terms of supervised release and fully set forth its reasons for its decision.  The District Court distinguished the authority on which Omowunmi relied, noting that the defendants in those cases were convicted of Class C felonies which exposed the defendants to a maximum term of three years supervised

release, as distinguished from the maximum term of five years to which Omowunmi was subject.  The District Court also noted that Omowunmi was responsible for more than an $800,000 loss and the recruitment of at least four other individuals into the illegal scheme.

The Anders brief concludes that upon conscientious examination of the record, Omowunmi does not present any non-frivolous issues.  Omowunmi then filed a pro se Memorandum of Law, which he titled as in Support of Petition Pursuant to 18 U.S.C. 3742 to Vacate/Correct the Restitution order.  Despite the title, much of that Memorandum is directed to his claim of ineffective assistance of counsel which is based on his allegation that counsel failed to file a notice of appeal after promising to do so.  A claim of ineffective assistance of counsel must generally be raised on collateral review, and this case does not fit within any exception to the general rule.  We therefore do not consider that contention.

Most of the remainder of Omowunmi's pro se Memorandum of Law is directed to the issue of restitution, an issue which is not before this panel.  On April 27, 2001, the District Court amended the judgment to modify the restitution order.  Omowunmi filed a notice of appeal from the amended judgment on May 17, 2001 which was docketed at 01-2307.  A motions panel of this court remanded the appeal to the District Court on August 30, 2001 for a determination regarding the timeliness of the notice of appeal.  In an opinion entered on June 14, 2002, the District Court determined that the notice of appeal was timely filed under Fed. R. App. P. 4(b) and United States v. Grana, 864 F.2d 312 (3d Cir. 1989).  The appeal was reinstated by a clerk order entered July 29, 2002, and Omowunmi will have an opportunity to present his position with respect to the restitution order when a briefing schedule is issued in that appeal.

For the reasons set forth, we will affirm the Judgment of Conviction and Sentence and we will grant counsel's motion to withdraw.

_____

TO THE CLERK:

Please file the foregoing opinion.


/s/ Dolores K. Sloviter
Circuit Judge